UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDAL L. WISE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>POLICE, et al.,<br><br>                    Defendants. | 23-CV-9356 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Essex County Correctional Facility in Newark, New Jersey, submitted to this court a letter addressed to former Chief Judge Colleen McMahon and a complaint. In the letter and complaint, Plaintiff alleges misconduct by the United States Attorney's Office for the District of New Jersey ("USAO"), police, FBI, and an Assistant United State Attorney ("AUSA") in connection with his criminal case, *United States v. Wise*, No. 3:20-CR-0102 (D.N.J. filed Jan. 29, 2020), which is pending in the United States District Court for the District of New Jersey. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the USAO for the District of New Jersey, police, FBI, and an AUSA have violated his rights. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in New Jersey. Because the alleged events occurred in New Jersey, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in the State of New Jersey, which constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 2, 2023
         New York, New York

                               /s/ Laura Taylor Swain
                               LAURA TAYLOR SWAIN
                              Chief United States District Judge