UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| RANDAL L. WISE, | |
|---|---|
| Plaintiff, | |
| -against- | 23-CV-9356 (LTS) |
| POLICE, et al., | ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Essex County Correctional Facility in Newark, New Jersey, submitted to this court a letter addressed to former Chief Judge Colleen McMahon and a complaint. In the letter and complaint, Plaintiff alleges misconduct by the United States Attorney's Office for the District of New Jersey ("USAO"), police, FBI, and an Assistant United State Attorney ("AUSA") in connection with his criminal case, *United States v. Wise*, No. 3:20-CR-0102 (D.N.J. filed Jan. 29, 2020), which is pending in the United States District Court for the District of New Jersey. By order dated November 2, 2023, the Court transferred this action to the District of New Jersey.

On November 28, 2023, the Court received a letter from Plaintiff in which he asserts that he had not intended to file a civil case, but rather was filing a "formal complaint/ethical complaint" seeking an investigation of criminal activities by officials in New Jersey. (ECF 5.) Plaintiff also expresses his concerns that the documents he submitted may affect his safety and he states that he "prayed that everything has remained under seal." (*Id*.) In addition, although the Court transferred this matter and stated that the action is closed in this court, Plaintiff seemingly believes that the opening of this case is "assurance that some type of investigation is under way."

(*Id*.) Because the Court no longer has jurisdiction of this matter, Plaintiff must address his concerns to the District of New Jersey.

## DISCUSSION

The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Here, Plaintiff filed his motion after the transferee court received this action's papers. Thus, this Court does not have jurisdiction to consider any matters in this transferred case.

The Court puts Plaintiff on notice that the role of a court is to adjudicate dispute between parties in an impartial manner, not to conduct an investigation at the request of any party. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty . . . to perform any legal 'chores' for the defendant that counsel would normally carry out."); *Collins v. Experian Credit Reporting Service*. No. 04-CV-1905, 2004 WL 3078825, at *2 (D. Conn. Dec. 22, 2004) (denying plaintiff's request that court conduct independent investigation). Plaintiff is also informed that this action was never put under seal in this court. Finally, Plaintiff must address any concerns or requests he may have to the transferee court, the District of New Jersey. This action is closed in this court.

## CONCLUSION

The Court no longer has jurisdiction of this matter. Plaintiff must address his concerns to the transferee court, the United States District Court for the District of New Jersey.

2

The Clerk of Court is directed not to accept any further submissions from Plaintiff under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 4, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge